## Barchfield v. Lawrence, Secretary of the Commonwealth

*Earl V. Compton*, for petitioner.

*Oliver C. Cohen*, Assistant Deputy Attorney General, *Adrian Bonnelly*, Deputy Attorney General, and *Charles J. Margiotti*, Attorney General, for Commonwealth.

HARGEST, P. J., September 28, 1936.—This case comes before us upon petition for a writ of mandamus. Nomination papers purporting to nominate petitioner as the candidate of the Royal Oak Party for the office of Representative in Congress for the Thirty-fourth Congressional District at the election to be held November 3, 1936, were delivered to the Secretary of the Commonwealth for filing on September 4, 1936, together with a certified copy of the

preëmption affidavit. They were received, and a receipt in the usual form given in which the Secretary of the Commonwealth acknowledged the receipt of the papers, subject to rejection by the election bureau for defects apparent on the face and subject to rejection under any opinion of the Attorney General concerning legal questions raised by them. On September 10, 1936, counsel for petitioner conferred with the officer in charge of the election bureau and attention was called to the fact that one of the signers of the affidavit on each of two papers was not a signer to the petition itself. Thereupon, request was made to allow an amendment by filing an affidavit which would comply with the statute. That request was refused and later, on the same day, September 10th, the papers were formally rejected.

This case involves the right of the parties interested to make amendments to nomination papers and the duty of the Secretary of the Commonwealth to allow amendments. A preëmption affidavit having been regularly filed, the signers had the right to use the name Royal Oak Party. Section 2 of the Act of July 9, 1919, P. L. 832, amending the Ballot Law Act of June 10, 1893, P. L. 419, 25 PS §975, provides:

"It shall be the duty of the officer or officers to whom any nomination paper is brought for the purpose of filing, to examine the said paper, and if it lacks sufficient signatures or be otherwise manifestly defective it shall not be filed; but the action of said officer or officers in refusing to receive such paper may be reviewed by the court of common pleas of the county, upon an application for mandamus to compel its reception as of the date when it was brought to the office."

In this and other cases submitted herewith the question was raised as to whether the law requires the Secretary of the Commonwealth to pass upon the paper immediately. The same section of the act (25 PS §977) provides:

". . . but if it [nomination paper] be judged defective only, the court shall indicate the matters in which it re-

quires amendment, and the time within which such amendments must be made. . . .

"The officers with whom nomination papers have been filed shall permit the political parties or bodies who have filed them to amend them, of their own motion, at any time prior to the printing of the ballot."

In County and Executive Committee v. County Commissioners, 21 Luz. L. R. Rep. 351, it is held that:

"In receiving nomination papers for filing, the county commissioners act in a judicial capacity, should decide on their validity forthwith, and if defective permit amendment.

"On refusal or neglect to decide, amendment will be allowed by the Court and mandamus granted to compel filing of amended certificate of substituted nomination *nunc pro tunc*."

In re Challenger's Nomination, 8 Dauph. 23, the affidavit required to be signed by five persons was signed by three who were not signers of the nomination paper itself, and it was held that the defect might be amended. This is precisely the question involved in the instant case.

In Town Meeting Party Nomination Papers, 26 Dist. R. 961, it was held that if the affidavit is defective it may be amended. To the same effect are Butler's Nomination, 4 Dist. R. 187; In re Lincoln's Party Papers, 14 Dist. R. 793; Ermentrout's Nomination, 31 Pa. C. C. 486; Bailey's Nomination, 16 Dist. R. 455; In re Independent Party Nomination, 25 Dist. R. 436.

We cannot agree, as stated in County and Executive Committee v. County Commissioners, 21 Luz. L. R. Rep. 351, that the Secretary of the Commonwealth should decide upon the validity of a nomination paper forthwith, because experience shows that in the last day or two for filing nomination papers the secretary's office is flooded with them, so that immediate inspection is impossible. But where the secretary has received a paper and given a receipt therefor his subsequent action upon the paper must be deemed to have been taken on the date on which

the paper was received. His inability immediately to pass upon the paper cannot prejudice the right to make the nomination, and where an amendment is offered to correct a defect it is the duty of the secretary to permit such an amendment and correction because the statute plainly gives that right "at any time prior to the printing of the ballot." We are unable to conceive how the secretary, under the statute, can reject the right to amend. The Attorney General presents the startling proposition that an amendment can only be made under the statute where the papers "have been filed." If that rule could be applied, it would mean that the secretary could receive and hold, for political purposes or otherwise, any papers until the day for filing had passed, and then refuse to file them, thereby depriving those who had attempted to file them of the right to amend. In other words, he could say: "We have not time to examine your papers and therefore we cannot file them, and even though you offer to amend them we cannot accept the amendment because we have not filed them," and he could then later on reject the papers because they are defective in the very respect which the amendment was intended to cure. The legislature never intended such a situation.

When the amendment in this case was offered, which was before the secretary had passed on the paper, it was his duty to allow the amendment and then pass upon it with the amendment.

It is argued that our case of Graham v. Wallace, 42 Dauph. 245, is not consistent with the position which we have just expressed. We cannot agree. In that case nomination papers were offered to the Secretary of the Commonwealth for filing. They were properly passed upon and returned because defective. An amendment was made and the papers sent back to the secretary. Another defect was discovered and they were again returned, having been promptly passed upon. The second amendment was made and the papers were not received back until the last day for filing such nomination petitions had passed.

If, instead of returning the papers in the case cited, the secretary had held up any question as to their validity and had not inspected them and an offer had been made to amend them while they remained in his hands, the two cases would have been similar. In our opinion the parties who made the nomination in the instant case had the right to amend the affidavits. Such amending affidavits were presented in court with the nomination papers. It follows that a mandamus in this case must issue.

Now, September 28, 1936, a peremptory mandamus is hereby directed to the Secretary of the Commonwealth commanding him to receive the nomination papers of Elmer A. Barchfield as a candidate of the Royal Oak Party for representative in Congress of the Thirty-fourth Congressional District and to file said papers as of September 4, 1936, and to certify said nomination for printing on the ballot.